IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF STATE, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:16cv00080 (AJT/IDD) |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 15] (the "Motion"). Plaintiffs brought this action against the United States Department of State ("State") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") to compel production under a FOIA request for certain agency records compiled, edited, and accessed by agency employees and controlled by or otherwise accessible to the agency, which State partially denied. Only four documents are now in dispute, and Plaintiffs only contest certain redactions that State made pursuant to the deliberative process privilege.

On Friday, September 30, 2016, the Court held a hearing on Defendant's Motion. On that date, the Court ordered that Defendant submit unredacted copies of Documents C05975033, C0597043, C05975101, and C05975102 *in camera* and under seal for *ex parte* review by the Court. [Doc. No. 21.] Upon review of the documents and consideration of the Motion, the memoranda of law in support thereof and in opposition thereto, and the arguments of counsel, the Court concludes for the reasons stated herein that some of the redactions were appropriate while others were not. Therefore, Defendant's motion will be granted in part and denied in part

and Defendant will be ordered to produce these documents for Plaintiffs without certain redactions specified below.

## I. BACKGROUND

Unless otherwise stated herein, the following facts are undisputed:

On November 27, 2015, Plaintiffs submitted a FOIA request that State produce various communications between State employees and others, especially a group called Climate Interactive. Compl. ¶ 2; *see also* FOIA Request [Doc. No. 16-1]. This request was made approximately three weeks before the upcoming U.N. Climate Conference in Paris, France, which ultimately resulted in the widely publicized Paris Climate Agreement. Defendant's Memorandum in Reply in Support of its Motion for Summary Judgment [Doc. No. 13] ("Def.'s Mem. Reply") 1. On December 24, 2015, State acknowledged Plaintiffs' request, granted their fee waiver, and assigned the request tracking number F-2015-16735. Compl. ¶ 3. Having not received an initial determination within twenty business days,[1] as statutorily required, Plaintiffs filed this lawsuit on January 22, 2016.

After Plaintiffs' filing, State released to Plaintiffs on May 4, 2016 and June 7, 2016 what it deemed to be all of the non-exempt records. In total, State produced approximately twenty-three responsive documents.[2] State declined to produce certain documents pursuant to FOIA exemptions based on (1) the deliberative process privilege ("Exemption Five") and (2) the unwarranted privacy intrusion exemption ("Exemption Six"). However, Plaintiffs now only seek the production of the redacted portions of four documents numbered C05975101, C05975102,

---

[1] 5 U.S.C. § 552(a)(6)(A)(i).
[2] Plaintiffs claim that State actually produced only twenty-one responsive documents. Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pls.' Mem. Opp'n") 2. One of State's directors responsible for reviewing this FOIA request claims that State only produced twenty-one documents as well. Declaration of Eric F. Stein, Acting Co-Director of the Office of Information Programs and Services at State [Defendant's Memorandum in Support of its Motion for Summary Judgment {Doc. 16}, Ex. A] ("Stein Decl.") ¶ 16.

C05975033, and C0597043, which State has already produced in redacted form. *See* Def.'s Mem. Reply, Ex. B (containing the redacted versions of the four documents already produced by State).

The four documents in question were sent by (1) Trigg Talley, Deputy Special Envoy for Climate Change at the State Department; (2) Paul Bodnar, a White House staffer; and (3) Donald Wuebbles, an Assistant Director in the White House Office of Science and Technology Policy. Def.'s Mem. Reply 4. They were sent to "a group of other senior-level White House and State Department officials responsible for setting the government's position on climate policy and for negotiating at the Paris conference." *Id.* Documents C05975033 and C0597043 are "three-page inter-agency email exchanges between White House and State staff dated October 4, 2015, with the Subject line: "NYT (Editorial): A Big Boost for the Climate Summit." Stein Decl. ¶ 31; *see* Def.'s Mem. Reply, Ex. B (including copies of both documents). Documents C05975101 (two pages long) and C05975102 (six pages long) are "inter-agency email exchanges dated November 10-12, 2015, with the Subject line: 'response to Lomborg on Paris'" relating to "an article by Bjorn Lomborg on the INDCs impact on future global warming." *Id.* ¶ 34; *see* Def.'s Mem. Reply, Ex. C (including copies of both documents). Portions of the documents were withheld pursuant to Exemptions Five and other portions pursuant to Exemption Six, *id.* ¶ 31, 34; though Plaintiffs only dispute the redactions pursuant to Exemption Five.[3] State claims that, in these redactions, "several officials offered subjective assessments and opinions relating to key climate policy issues raised in the articles, including evaluating analyses of how any potential climate agreement would affect global temperatures." Def.'s Mem. Reply 1-2.

---

[3] *See* Pls.' Mem Opp'n 2 ("Plaintiffs do not dispute redactions in either set of documents pursuant to Exemption 6. Plaintiffs do however dispute the specific claimed redactions under Exemption 5 . . .").

3

## II. LEGAL STANDARD

FOIA disputes should generally be resolved on summary judgment. *Hanson v. USAID*, F.3d 286, 290 (4th Cir. 2004) ("As a general rule, . . . FOIA determinations should be resolved on summary judgment."). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1984). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). To defeat a properly supported motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 247-48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."). Whether a fact is considered "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Id.* at 255; *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 642 (4th Cir. 2007).

## III. ANALYSIS

FOIA requires a federal executive branch agency must "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). There are

4

exemptions, but "[g]iven the statute's presumption for disclosure, its enumerated exemptions are to be construed narrowly." *City of Virginia Beach, Va. v. U.S. Dep't. of Commerce*, 995 F.2d 1247, 1252 (4th Cir. 1993); *see also Hanson v. U.S. Agency for Intern. Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) (citations omitted) ("In general, FOIA exemptions should be narrowly construed to favor disclosure."). Therefore, "the burden of justifying nondisclosure rests squarely upon the government." *Id.*; *see also Hanson*, 372 F.3d at 290 (citations omitted) ("The burden of demonstrating that a requested document falls under an exemption rests on the government."). "The government can meet this burden by describing the withheld material with reasonable specificity and explaining how it falls under one of the enumerated exemptions." *Hanson*, 372 F.3d at 290. If the government meets the burden, "[a]ny reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt . . . ." U.S.C. § 552(b).

Under Exemption Five, an agency is not required to disclose "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "To invoke the privilege successfully, the government must show that, in 'the context in which the materials are used,' the documents are *both* predecisional and deliberative." *City of Virginia Beach*, 995 F.2d at 1253 (emphasis added) (citation omitted).

The district court reviews the government's classifications of documents *de novo*. 5 U.S.C. § 552(a)(4)(B).

    **A.    Have Plaintiffs Alleged Sufficient Facts to Genuinely Dispute Whether the Documents were "Predecisional?"**

"Predecisional documents are 'prepared in order to assist an agency decisionmaker in arriving at his decision.'" *City of Virginia Beach*, 995 F.2d at 1253 (quoting *Renegotiation Bd.*

5

*v. Gruman Aircraft Eng''g Corp.*, 421 U.S. 168, 184 (1975). However, "[t]o satisfy this criterion, the government need not 'identify a specific decision in connection with which a memorandum is prepared.'" *Id.* (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)). This Court has explained that "if documents are not part of a clear 'process' leading to a final decision on the issue . . . they are less likely to be properly characterized as pre-decisional; in such a case there is an additional burden on the agency to substantiate its claim of privilege. *Gluckman v. U.S. Dep't of Labor*, No. 3:13-CV-169, 2013 WL 6184957 (E.D. Va. Nov, 26, 2013) (citation omitted).

In reference to Documents C05975033 and C0597043 commenting on the New York Times editorial, State first claimed that

> [r]elease of this information, which contains the authors' personal opinions and preliminary assessments, could reasonably be expected to have a chilling effect on the open and frank expression of ideas, recommendations, and opinions that occurs when government officials are developing an official position on climate change. Disclosure of this information would also impede the ability of responsible government officials to formulate and carry out executive branch programs by inhibiting candid internal discussion and the expression of recommendations and opinions regarding a preferred course of action.

Stein Decl. ¶ 31. State's explanation for its withholding of Documents C05975101 and C05975102 was nearly identical. *See* Stein Decl. ¶ 34. However, after Plaintiffs clarified in their memorandum in opposition to Defendant's motion that they only sought the disclosure of redact portions of these four documents, State provided a fuller explanation. In its reply memorandum, State emphasized that the exchanges were between high level White House and State Department officials and were meant to clarify the United States' negotiating position. Def.'s Mem. Reply 4. The October 4 emails evaluate an editorial that discusses the various commitments made by foreign governments and to what extent those commitments would affect global temperatures. *Id.* at 5. The November 10 and 12 emails contain the personal opinions and

assessments of Donald Wuebbles, Assistant Director in the White House Office of Science and Technology Policy, on a report analyzing the extent to which any potential climate change agreement would affect global temperatures. *Id.* Plaintiffs argue that State has merely relied on "boilerplate" privilege claims and has not provided any justification for the specific documents at issue. Pls.' Mem. Opp'n 4, 6. Plaintiffs also emphasizes that State "offers no explanation as to how the withheld information relates to the formulation of actual agency policy or what decision, if any, this exchange was antecedent to." *Id.* at 6.

After review of the redacted documents, the Court finds that all of these communications were predecisional because they were part of the broader preparation that State and the U.S. Government were undertaking to prepare for the Paris negotiations. State has not pointed to a *particular* decision that these documents related to, and, accordingly, there is an additional burden on State to justify nondisclosure. State has met that burden, however, by demonstrating how the withheld information related to the formulation of actual agency policy. The officials involved in these email exchanges were attempting to ascertain the effect on global temperatures of the commitments made by various countries, and some of these individuals involved in the email exchanges participated directly in the Paris Conference. As such, the weight they attributed to different scientific studies and their personal opinions about the credibility of those studies was instrumental in determining the sorts of policies that the United States would propose during the Paris Conference and the specific actions it might seek that other countries take. Because all of the redactions were part of that discussion, all were predecisional.

    **B.**    **Have Plaintiffs Alleged Sufficient Facts to Genuinely Dispute Whether the Documents were "Deliberative?"**

Deliberative material "reflects the give-and-take of the consultative process" . . . by revealing the manner in which the agency evaluates possible alternative policies or outcomes. Thus, the deliberative process exemption protects "recommendations, draft documents, proposals, suggestions, and other subjective

7

>documents which reflect the personal opinions of the writer rather than the policy of the agency."

*City of Virginia Beach*, 995 F.2d at 1253 (quoting *Costal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).  The defendant bears the burden of showing how the withheld information bears upon actual policy formation.  *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994) ("[T]he privilege does not protect a document which is merely peripheral to actual policy formulation; the record must bear on the formation or exercise of policy-oriented judgment.").  A purely factual statement is not protected by the privilege.

The parties' arguments generally mirror those made under the "predecisional" prong: State claims it provided adequate justification, and Plaintiffs argue that the justification was boilerplate.  State adds, however, that the writers were expressing personal opinions and assessments regarding analyses of the extent to which any potential agreement would affect global temperatures.  Def.'s Mem. Reply 8.  State claims that allowing such communications to be disclosed during ongoing negotiations will hamstring negotiators ahead of future negotiations, who will avoid discussions in writing for fear that those written discussions will also be disclosed.  *Id.* at 8.  Plaintiffs emphasize that the communications did not bear on any particular policy formation and claim that "the small portions of text redacted do not give rise to the inferences of detailed analysis, but rather of off-the-cuff commentary about media commentary and remarks with regard to news or opinion pieces."  Pls.' Mem. Opp'n 7-8.

Many of State's redactions are deliberative.  The emails were exchanged between a group of government officials who were responsible for formulating U.S. climate policy, and various officials contributed their personal opinions on two apparently widely-read articles on that topic.  Those redactions in which officials expressed their subjective thoughts are covered by the deliberative process privilege and therefore need not be disclosed.

However, two redactions that State made are purely factual statements. These include (1) the first of two redactions in the Document C05975043, page one email from Trigg Talley dated October 4, 2015, 5:03 pm and (2) the first sentence only of the redaction in the Document C05975102, page one email from Donald Wuebbles dated November 12, 2015, 10:20 am. The text of these redactions contains no insight into the opinions of any government officials or into the consultative process itself. They are merely factual statements, which, at best, could be said to reflect peripherally on actual policy making; this is insufficient under Fourth Circuit case law to justify redacting them. They certainly do not rise to the level of "recommendations, draft documents, proposals, [or] suggestions" that courts have held to be deliberative. The Court therefore concludes that State improperly redacted these two portions.

Finally, Plaintiffs' argument that the small size of the text redacted should lead the Court to find that the remarks were not substantive has no basis in case law. In preparing for an upcoming negotiation, high ranking government officials can logically be expected to write short e-mails containing substantive information condensed into brief sentences. This brevity does not make those statements any less central to the formation of policy than longer statements.

## IV. CONCLUSION

For the reasons set forth above, the Court finds and concludes, as a matter of law, that with the exception of portions of the redactions in Documents C0597043 and C05975102, State has properly redacted the documents at issue pursuant to Exemptions Five and Six. Accordingly, Defendant's Motion [Doc. No. 15] is GRANTED in part and DENIED in part. It is DENIED as to the portions of Documents C0597043 and C05975102 described herein and otherwise GRANTED. Based on this ruling, on or before December 12, 2016, Defendant shall provide to Plaintiffs copies of Documents C0597043 and C05975102 as previously produced in redacted

form except for the following two redactions, which shall be removed: (1) the first only of the two redactions on page one of Document C05975043, an email from Trigg Talley dated October 4, 2015, 5:03 pm, and (2) the first sentence only of the redaction on page one of Document C05975102, an email from Donald Wuebbles dated November 12, 2015, 10:20 am.

The Court will issue an appropriate Order.

The Clerk is directed to forward a copy of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
December 1, 2016